IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION |
| v. | ) | |
| | ) | 05-MJ-01703-CBS |
| DONNELLE JOYNER | ) | |
| GERARD KIMBLE | ) | MBD No. |
| | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT
OF MOTION FOR REVOCATION OF RELEASE
ORDER FOR DONNELLE JOYNER AND GERARD KIMBLE**

The United States hereby submits this memorandum in support of the government's motion to revoke the Chief U.S. Magistrate's Order dated August 5, 2005 and entered August 8, 2005 that defendants DONNELLE JOYNER and GERARD KIMBLE be granted conditions of release.  The government submits that under the Bail Reform Act: (1) JOYNER and KIMBLE are a danger to the community based upon their possession of firearms, criminal record, and involvement in a conspiracy to distribute cocaine and cocaine base; and (2) neither JOYNER nor KIMBLE have proffered or produced any evidence to rebut the judicial presumption of pre-trial detention.  Furthermore, there is additional evidence, which the court did not consider, that defendant JOYNER was in possession of a firearm which was used in a drug related murder in September 2004.  In support of the motion, the government submits the following:

1

I.  Procedural Background

On July 22, 2005, defendants DONNELLE JOYNER ("JOYNER"), GERARD KIMBLE ("KIMBLE") and three other co-defendants (Husie Joyner, Gregory Bing, and Anthony Smith) were charged in a criminal complaint with conspiracy to distribute cocaine and cocaine base.  JOYNER and KIMBLE made their initial appearance on July 22, 2005.  The government moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(C)(where the maximum term of imprisonment under the CSA is ten years or more) and § 3142(f)(2)(A)(risk of flight).

On July 28, 2005, the court held a combined preliminary and detention hearing pursuant to Fed. R. Crim. P. 5.1 and 18 U.S.C. § 3142(f).  During the hearing, the government offered the testimony of DEA TFA Richard Ridlon.  As an exhibit, the court admitted an affidavit of TFA Ridlon in support of probable cause and detention as government's exhibit no. 1.  See Attachment A.  At the conclusion of the hearing, the court took the matter under advisement.

On August 4, 2005, the Chief Magistrate's session notified all counsel that the court would convene a bond hearing the next day, August 5, 2005, during which the court would order that defendants JOYNER and KIMBLE released on conditions of release.

On August 5, 2005, the government filed a motion for reconsideration for the anticipated denial of the government's

motion for pre-trial detention.  <u>See</u> Attachment B.  The court allowed the filing of the motion for reconsideration, but denied the government's motion for pretrial detention and ordered JOYNER and KIMBLE released.  The court granted the government's motion for pre-trial detention as to defendants Gregory Bing[1] and Anthony Smith.

## II.  <u>The Court's August 5, 2005 Order</u>

The court found probable cause that both JOYNER and KIMBLE had committed the offense charged in the complaint, conspiracy to distribute cocaine and cocaine base.  Accordingly, because of this finding, the court also found the rebuttable presumption of 18 U.S.C. § 3142(e) applied that "there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of these Defendants or the safety of the community if they were released."  8/5/05 Order at 12.  The court further found that:

> . . . these defendants have not produced nor proffered any credible evidence on their behalf to rebut this presumption.  Without such evidence, the presumption alone may justify detention.
>
> Id.

Regarding the issue of danger to the community, the court found JOYNER was not a major player in the conspiracy and that

---

[1] Defendant Bing, however, voluntarily agreed to an order of detention due to the fact that at the time of the charged offense, Bing was on supervised release for a prior federal drug trafficking offense.

KIMBLE played only a minor role. 8/5/05 Order at 19 and 21. The court also cited to the fact that both JOYNER and KIMBLE were sentenced to only terms of probation for their prior drug trafficking offenses in state court. Id. Based primarily on these findings, the court declined to detain JOYNER and KIMBLE on dangerousness grounds, but did not address what effect these finding had on the presumption of Section 3142(e). Id.

The court also addressed the government's motion for reconsideration. The court permitted the government to submit criminal history reports concerning KIMBLE's record, but did not accept additional transcripts of intercepted phone calls between Husie Joyner and Gregory Bing which discussed the fact that DONNELLE JOYNER may have had in his possession a handgun that had been used in a murder in 2004. The court did not consider these conversations and other evidence proffered[2] by the government because the government did not have a witness to authenticate the transcripts and which would give defense counsel an opportunity to cross examine the witness regarding these transcripts.

### III.  Legal Standard

Under § 3142(e), "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions

---

[2] The other proffered evidence included the circumstances of the murder and a post-arrest statement by a co-defendant who indicated that DONNELLE JOYNER had possession of firearm that was used in the murder.

4

will reasonably assure the appearance of the person as required and the safety of the community if the judicial officers finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act . . . " 18 U.S.C. § 3142(e).  The Title 21 drug offense currently charged in the complaint carries a maximum term of incarceration of twenty years.  21 U.S.C. § 841(b)(1)(C).  Accordingly, when the court finds probable cause that the defendant committed this offense, the presumption of pretrial detention in § 3142(e) applies.

When this presumption arises, a defendant must produce "some evidence" to rebut this presumption.  United States v. Jessup, 757 F.2d 378, 384 (1st Cir.1985).  The section 3142(e) presumption is evidentiary and places the burden on the defendant to produce some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community.  Id.  When a defendant produces such evidence, however, the presumption does not disappear.  Dillon 938 F.2d at 1416.  The burden of persuasion remains on the government and the rebutted presumption retains evidentiary weight. Id.; United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir.1987) (per curiam ).

Argument

First, the government respectively submits that the evidence

5

the government presented at the initial preliminary hearing was sufficient to warrant pre-trial detention.  Although it is true that no drug or gun seizures were made from defendant DONNELLE JOYNER, the government presented evidence JOYNER played a significant role in the conspiracy by participating in the delivery of crack cocaine and "cooking" up 992 grams of cocaine into crack cocaine along with co-defendant Gregory Bing.  Furthermore, the government introduced evidence that during the wiretap, JOYNER had been in the possession of two firearms, one of which JOYNER needed to get rid of.

    The government also introduced evidence that during the execution of a search warrant at KIMBLE's residence at 57E Sumner Street in Dorchester, law enforcement agents seized a firearm under KIMBLE's bed and discovered what appeared to be kilogram wrappings in the kitchen from five kilograms of cocaine.  The government also introduced evidence that KIMBLE obtained substantial quantities of cocaine not only from Husie Joyner, but also from one of Husie Joyner's sources of supply for cocaine, "Willie" (WILLIAM ARIAS) who sold Husie Joyner kilogram quantities of cocaine.

    Second, as indicated in the court's order, the defendants did not offer or proffer any credible evidence that would rebut the presumption of dangerousness (though evidence was proffered regarding the defendants' ties to the community that could have

6

rebutted the presumption of risk of flight).

Third, after the anticipated denial of the government's motion for detention on August 4, 2005, the government filed a motion for reconsideration and proffered evidence regarding DONNELLE JOYNER's possession of a firearm that what used in a drug related murder in September 2004.  The court did not consider this evidence.  The governments submits that this proffered facts are persuasive evidence relative to dangerousness.

Finally, the government submits that the required course of action is not simply a review of the record below, but rather a *de novo* hearing during which the government will present testimony and evidence regarding the issue of danger to the community.  See <u>United States v. Tortora</u>, 922 F.2d 880, 883 n. 4 (1st Cir. 1990)("We believe that the proper approach is for the district court to engage in de novo review of the contested order."); <u>see also</u> <u>United States v. Rueben</u>, 974 F.2d 580,585 (5th Cir. 1992)("When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release.").

At such hearing, the government will provide evidence of a more complete picture of defendants' involvement in the conspiracy which is incongruous with the court's finding that

defendants are mere minor participants in the charged conspiracy and not a sufficient danger to the community to warrant pre-trial detention.

                                      Respectfully Submitted,

                                      MICHAEL J. SULLIVAN
                                      United States Attorney

                     By:  /s/ Neil J. Gallagher, Jr.
                          Neil J. Gallagher, Jr.
                          Assistant U.S. Attorney